UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA A. ROSPLOCK, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-0206 |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE CO., *et al.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Defendant Southwestern Bell Telephone, L.P.'s motion to strike plaintiff Sylvia A. Rosplock's designation of expert witnesses and to preclude her from conducting discovery (Dkt. 20), has been referred to this magistrate judge for disposition.

Southwestern Bell's main contention is that this case before U.S. District Judge David Hittner (H-05-0206) should have been consolidated with another case between these parties in front of U.S. District Judge Vanessa Gilmore (H-03-3069). Failing that, Southwestern Bell argues Rosplock should not be allowed to use this second case to name expert witnesses and conduct discovery when the same was not done in the first case. Southwestern Bell points out that Judge Gilmore's scheduling order allowed Rosplock nearly a year to designate expert witnesses and to conduct discovery, but, even after an agreement between the parties extending these deadlines,

Rosplock did not designate experts or take discovery in the initial case between the parties.

The issue of whether these two cases should be consolidated is not before this magistrate judge. Judge Gilmore denied Southwestern's motion to consolidate, and Judge Hittner has apparently reserved judgment on the matter. *See* Dkt. 20, Ex. D. Thus, the governing deadlines are those found in the Rule 16 scheduling order set in this case (H-05-0206), not those set in the case before Judge Gilmore (H-03-3069). The court will address only whether Rosplock's designation of expert witnesses should be struck from the record and whether she may pursue discovery in the present case.

Southwestern Bell challenges the timeliness of the designation, relying on the deadlines set by Judge Gilmore. Judge Gilmore set a date of April 2, 2004, for Rosplock to designate experts. The Rule 16 scheduling order in this case required Rosplock to designate her expert witnesses by July 7, 2005. *See* Dkt. 16. Rosplock met this deadline by filing her list of expert witnesses on June 28, 2005. *See* Dkt. 19. The fact that Rosplock did not name expert witnesses in a prior case is only relevant to the testimony she will be allowed to offer in that case; it has no bearing in this litigation.

Southwestern Bell also complains that the designation of expert witnesses is insufficient because Rosplock has not "even bothered to disclose the basic subject matter of their testimony." Dkt. 20. The scheduling order merely requires Rosplock to designate her expert witnesses by July 7th; she has sixty days after that date to file any expert reports that are due. *See* Dkt. 16. Southwestern Bell's motion to strike for lack of an adequate report is therefore premature.

Moreover, the court notes that reports may not be required at all. Rosplock has designated three doctors as "expert witnesses who might present opinion testimony in addition to their factual testimony as treating physicians or clinicians." Dkt. 19. A written report is required "with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). Treating physicians, however, "can be deposed or called to testify at trial without any requirement for a written report." FED. R. CIV. P. 26, 1993 advisory committee's note. If the three doctors designated are treating physicians, then Southwestern Bell has no grounds for challenging the adequacy of the expert reports even when the sixty day period runs.

Southwestern Bell unpersuasively argues that Rosplock should not be allowed to conduct discovery in this case because she had an opportunity to conduct

discovery in other litigation between the parties. The two cases Southwestern Bell cites in support of denying Rosplock a "second bite at the discovery apple" are not particularly analogous. *See Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 2003 WL 282187, at *7 (S.D.N.Y. 2003); *August Storck KG v. Nabisco, Inc.*, 1996 WL 634116, at *4 (N.D. Ill. 1996). The first case deals entirely with judicial recusal. It offers no useful guidance for the present circumstances. In the second case, a court refused to allow a plaintiff to withdraw its complaint without prejudice because doing so would have potentially allowed it to circumvent the discovery schedule. *See August Storck*, 1996 WL 634116, at *4. While the court understands the analogy Southwestern Bell is attempting to draw, that case is also a poor fit to anything relevant here. The present case and the case before Judge Gilmore have not been consolidated. Thus, it is Southwestern Bell that may not take a second bite at the consolidation apple by attempting to preclude all discovery. No other rationale is offered to justify the suspension of discovery in this case. Accordingly, Southwestern Bell's motion to strike Rosplock's expert witnesses and preclude her from conducting discovery is denied.

Signed on August 15, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge